UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA HANSON,<br><br>                    Plaintiff,<br><br>v.<br><br>THERANEST, LLC, et al.,<br><br>                    Defendants. | Case No.: 24-cv-00086-AGS-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>[ECF No. 42] |

Before the Court is a Motion for Protective Order filed by Defendants TheraNest, LLC ("TheraNest"), Therapy Brands Holdings, LLC ("Therapy Brands"), and Jennifer Wolfe (collectively "Defendants") (ECF No. 42), which Plaintiff Laura Hanson ("Plaintiff") opposes (ECF No. 43). On September 19, 2024, Defendants filed a reply (ECF No. 48), and on September 23, 2024, Plaintiff filed a surreply (ECF No. 49). For the reasons set forth below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

### A. Underlying Case

The instant case arises out of Plaintiff's employment as a Director of Compliance by and subsequent termination from TheraNest. (*See generally* ECF No. 24, Second Amended Complaint ("SAC").) Plaintiff alleges she suffered serious, disabling injuries from a motor

vehicle accident on March 1, 2020, that necessitated her taking intermittent leave under the Family Medical Leave Act and California Family Rights Act between March 2020 and February 2021. (SAC ¶ 17.) Plaintiff's SAC raises claims of discrimination, hostile work environment, harassment, and retaliation based on Plaintiff's disability, along with failure to prevent discrimination and harassment, failure to engage in the interactive process, and failure to accommodate her disability. (*See generally* SAC.)

### B. Instant Discovery Dispute

On May 17, 2024, Plaintiff served an initial 30(b)(6) deposition notice on Therapy Brands that listed 25 topics, and then served an amended 30(b)(6) deposition notice ("Amended Notice") listing 28 topics on June 3, 2024. (ECF Nos. 42-1 at 2.) After Therapy Brands served objections to the Amended Notice, the parties met and conferred to narrow the disputed issues from all 28 topics to 14 topics. (ECF Nos. 42-1 at 2.) On July 12, 2024, the parties lodged a Joint Discovery Statement, and the Court set a Discovery Conference for July 19, 2024. (ECF Nos. 42-1 at 2; 30.) On July 18, 2024, Plaintiff served a second amended 30(b)(6) deposition notice ("Second Amended Notice") listing 46 topics (ECF Nos. 42-1 at 2–3; 42-6), so the Court reset the July 19, 2024 Discovery Conference for August 2, 2024, to provide counsel time to meet and confer regarding the Second Amended Notice (ECF No. 32). The Court held Discovery Conferences on August 2, August 23, and August 30, 2024, after which the Court issued a briefing schedule for the instant motion. (ECF Nos. 33; 37; 40.)

## II. LEGAL STANDARD

A party is entitled to seek discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Rule 30 further provides that a party may notice the

deposition of "a public or private corporation, a partnership, an association, a governmental agency, or other entity." Fed. R. Civ. P. 30(b)(6). Such notice "must describe with reasonable particularity the matters for examination." *Id.*

Although "[d]istrict courts have broad discretion in determining relevancy for discovery purposes," *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citation omitted), discovery of relevant information is not limitless. The Court must—either on motion or *sua sponte*—"limit the frequency or extent" of otherwise permissible discovery if the Court finds the request "unreasonably cumulative or duplicative" or the discovery sought is obtainable from a "more convenient, less burdensome, or less expensive" source. Fed. R. Civ. P. 26(b)(2)(C)(i).

Rule 26(c) further provides that, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "The burden is on the person seeking the protective order to demonstrate good cause." *Grano v. Sodexo Mgt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. 2020) (citing *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D. Cal. 2001). "The court has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection." *Id.* (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)); *see also Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 107, n.3 (D. Nev. 2023), *aff'd sub nom. Alvarado-Herrera v. Acuity A Mut. Ins. Co.*, No. 222CV00438CDSNJK, 2023 WL 5035323 (D. Nev. Aug. 4, 2023) ("While [Rule] 26(b)(1) permits a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, courts have limited discovery where the breadth of subjects and number of topics identified in a [Rule] 30(b)(6) deposition notice renders a responding party's efforts to designate a knowledgeable person unworkable."); *U.S. v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016) ("While a corporation must make a good faith effort to prepare a 30(b)(6) witness to fully and unevasively answer questions about the designated subject matter that task becomes less

realistic and increasingly impossible as the number and breadth of noticed subject areas expand.") (internal punctuation and citation omitted).

## III. DISCUSSION

At issue are topic numbers 4, 14, 16, 17, 21–23, 25–27, 33–36, and 39–46.[1] Defendants generally argue that the disputed topics are overbroad and lack necessary specificity.[2] (*See generally* ECF No. 42-1.) Defendants' motion itself does not dive into particular detail about every disputed topic, instead relying on general conclusions that certain topics are "objectionable," "overbroad," "vague," and "not specific."[3] (*See, e.g.*,

---

[1] Although Defendants' motion includes topic number 15, Plaintiff's opposition states that it was withdrawn and "turned into an interrogatory per the demand of Defendants. . . ." (ECF No. 43 at 5, n.1.) Accordingly, based on Plaintiff's representation, the Court does not address topic number 15.

[2] The objections Defendants served in response to Plaintiff's Second Amended Notice were largely identical and improperly boilerplate, listing objections based on the definition of terms, lack of specificity, relevance, proportionality, attorney-client privilege, attorney work product doctrine, overbreadth, vagueness, and ambiguity. (*See generally* ECF No. 42-4.) "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). Regardless, Defendants do not reraise all these objections in the instant motion. The Court declines to address any objections raised in Defendants' discovery responses that they did not reassert within the instant motion. *See Hall v. Marriott Int'l, Inc.*, No. 19-cv-01715-JLS-AHG, 2021 WL 1906464, at *9 (S.D. Cal. May 12, 2021) (quoting *SolarCity Corp. v. Doria*, No. 16-cv-3085-JAH-RBB, 2018 WL 467898, at *3 (S.D. Cal. Jan. 18, 2018)) ("When ruling on a motion to compel, courts in this district 'generally consider[ ] only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel.'"); *Sherwin-Williams Co. v. Earl Scheib of Cal., Inc.*, No. 12-cv-2646-JAH-JMA, 2013 WL 12073836, at *2 n.1 (S.D. Cal. Mar. 4, 2013) (deeming all objections raised in response to the discovery requests but not addressed in the discovery motion to be moot or waived, and limiting its review to arguments presented in the parties' briefs).

[3] Defendants also obliquely raise the term "YOU" as a potential issue. (*See* ECF No. 42-1 at 2–3, n.2.) However, Defendants do not expressly argue this as an issue in their motion and Plaintiff states that the parties agreed that "YOU" would refer to TheraNest. (ECF Nos. 42; 43 at 8.) Accordingly, the Court reads "YOU" to mean TheraNest.

ECF No. 42-1 at 8 ("For example, topics 4, 14, 15, 16, 17, and 46 in the Second Amended Notice are overbroad, span years and are not specific enough under 30(b)(6)."), ("Topics 33–36 are objectionable and Plaintiff should consider eliminating such topics, but Plaintiff insists on including them despite their over breadth and duplicative nature."), ("Topics 40 and 41 are adequately captured by other topics rendering these topics duplicative.").) However, more specifically, Defendants take issue with the terms "related to," "reports," "potential data vulnerabilities," and "illegal or unethical activity." (ECF No. 42-1 at 7–8 (regarding Topic Nos. 25–27), 8, n.7 (regarding Topic No. 14), 8 (regarding Topic Nos. 39–41, and 46).) Defendants further argue that topic numbers 21–23 should be turned into interrogatories in order to be less burdensome because the persons involved are no longer employed by TheraNest. (ECF No. 42-1 at 9.) Finally, Defendants argue that topic numbers 42–45 are irrelevant and based on "*unsubstantiated* and speculative allegations that Defendants are concealing information and intentionally withholding documents . . . ." (ECF No. 42-1 at 6 (emphasis in original).)

In her opposition, Plaintiff generally argues that "Topics 4, 14, 16–17, 21–23, 25–27, 33–36, 39, 40–41, and 46 are all relevant to Plaintiff's claims and damages in this case and are limited in scope and time." (ECF No. 43 at 5, 8.) For topic numbers 4, 14, 16, and 17, Plaintiff does not provide any further analysis or argument. Regarding topic numbers 21–23, Plaintiff argues she is "entitled to take a 30(b)(6) on key issues relating to the person(s) making decisions that form the basis of this lawsuit." (ECF No. 43 at 6; *see also id.* at 7–8 (discussing issues with Defendants' response to a previously propounded interrogatory).) Regarding topic numbers 25–27, Plaintiff argues that on August 21, 2024, counsel emailed a "very specific list of these 'reports'" in order to address Defendants' claims that "reports" was a vague term. (ECF No. 43 at 5.) Further, Plaintiff argues that topic numbers 25–27 "are central to Plaintiff's claims," topic number 33 is "critical" because "[w]hether she was replaced is an important fact," topic number 34 is "relevant" because "[u]nderstanding the relationship between the Defendants is a key component of understanding this case," topic numbers 35–36 are relevant to damages, and topic numbers

39–41 and 46 are "about the key claims and facts of this case." (ECF No. 43 at 6–8.) Finally, Plaintiff alleges that Defendants are withholding documents, seeking to delay or obstruct discovery. (*Id.*)

Considering the case law and the briefing, the Court makes the following determinations:

| Topic Number | Ruling |
|---|---|
| 4 | The Court finds topic number 4 overbroad in time and scope as initially noticed. Plaintiff's proposed amendment in the August 29, 2024, joint discovery plan narrows the relevant period to June 2021 and July 2021. (ECF No. 43-6 at 3.) Although Plaintiff's proposed amendment also provides more specificity, it does not limit the topic to written communications or specifically identify particular non-written communications. Accordingly, Defendants' objection is **SUSTAINED in part and OVERRULED in part**, and topic number 4 is **MODIFIED** to partially adopt Plaintiff's proposed language as follows:[4]<br><br>The end of Plaintiff's employment, and ~~all~~ the following circumstances RELATED TO such end of employment~~.~~:<br>(a) The written or otherwise documented discussions/communications between Plaintiff and the Human Resources Department during the months of June and July of 2021 regarding the end of Plaintiff's employment; and<br>(b) The written or otherwise documented discussions/communications related to the end of Plaintiff's employment between the Human Resources personnel and Jennifer Wolfe, Dr. Jessica Kasirsky and/or any person making decisions in June and July of 2021. |

---

[4] Defendants object to the noticed definition of "RELATED TO" as "grossly overbroad, not proportional to the needs of this case and [argue it] would cause preparation for the 30(b)(6) deposition to be unduly burdensome." (ECF No. 42-1 at 8.) Plaintiff asserts the term has been modified to be "concerning or in any other way being relevant to that given subject matter." (ECF No. 43 at 8.) The Court approves Plaintiff's original definition of "RELATED TO" except as modified here: "Constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing or evidencing~~, or in any other way being relevant to~~ the subject matter."

| Topic Number | Ruling |
|---|---|
| 14 | The Court finds topic number 14 overbroad in time and scope as initially noticed. Plaintiff's proposed amendment in the August 29, 2024, joint discovery plan narrows the scope by limiting reports to a person in authority. (ECF No. 43-6 at 3.) Defendants' objection is **SUSTAINED in part and OVERRULED in part**, and topic number 14 is **MODIFIED** to adopt Plaintiff's proposed language and to further narrow the time period as follows:<br><br>YOUR policies, procedures, and/or practices regarding examining/reviewing reports from employees RELATED TO potential data vulnerabilities within the Company from ~~2019~~ 2020 to ~~the present~~ 2021. "Reports" refer to written or verbal complaints or concerns made about the Company or someone within the Company to a person in authority, defined as supervisor, managers, officers, Human Resources department, and anyone else deemed by the Company's policies, procedures, and practices as a person appropriate to receive employee complaints/concerns/ whistleblowing. |
| 16 | The Court finds topic number 16 overbroad in time and scope. Defendants' objection is **SUSTAINED in part and OVERRULED in part**, and topic 16 is **MODIFIED** as follows:<br><br>~~All information RELATED TO YOUR compliance officers/personnel's~~ The roles and duties of YOUR compliance officers/personnel. |
| 17 | As initially noticed, topic number 17 is overbroad in time. However, Plaintiff has agreed to narrow the scope to the years 2020 and 2021. (ECF No. 43-6 at 3.) The Court accepts Plaintiff's narrowed time period. Further, the Court has addressed Defendants' objections regarding the definition of "YOUR" and "RELATED TO." *See supra* fn. 2–3. Defendants' objection to topic number 17 is **SUSTAINED in part and OVERRULED in part**, and topic number 17 is **MODIFIED** to reflect the limited time period of 2020–2021. |
| 21–23 | Topic numbers 21–23 are relevant to Plaintiff's claims. Although the Court agrees that these topics would be more efficient as interrogatories, the Court is not persuaded by Defendants' argument that preparing a witness on these topics would be unduly burdensome because "the persons involved during the relevant time period are no longer employed by TheraNest." (ECF No. 42-1 |

| Topic Number | Ruling |
|---|---|
| | at 9.)  The Court **OVERRULES** Defendants' objections. |
| 25 | Topic number 25 is relevant to Plaintiff's retaliation claim.  However, the Court agrees with Defendants that as initially noticed, the topic is overbroad.  Defendants include as Exhibit C to their motion a list of "[p]reviously agreed upon revised topics following meet and confer on the Amended 30(b)(6) Notice," in which the parties purportedly agreed that "reports" in a similar context would be defined as "written or verbal complaints or concerns made about the Company following data breaches or concerns about breaches of data/breaches of privacy."[5]  (ECF No. 42-5.)  This agreed upon definition of "reports" includes a definition that would replace "potential data vulnerabilities," the other term which Defendants objected to in their motion.  (*See* ECF No. 42-1 at 7–8.)  Further, the parties previously agreed to narrow the time period to the years of 2020 and 2021.  (*Id.*; ECF No. 43-6 at 3.)  In addition, in an email dated August 21, 2024, Plaintiff provided Defendants with a list of reports/complaints related to topics 25–27.  (ECF No. 43-4 at 1-2.)[6]  In light of the parties' prior agreement, Defendants' objections are **SUSTAINED in part and OVERRULED in part**, and topic number 25 is **MODIFIED** to adopt the parties' previously agreed upon definition of "reports" and previously agreed upon time period:<br><br>Identities and roles of all persons involved in making decisions RELATED TO Plaintiff's reports of potential data vulnerabilities at the |

---

[5]   Neither Plaintiff's opposition nor surreply address Defendants' Exhibit C, let alone contradict the assertion that parties agreed upon the language of topics therein.  (*See generally* ECF Nos. 43; 49.)

[6]   In their reply, Defendants rightly point out that Plaintiff attached meet-and-confer correspondence to her opposition, in violation of Section V.C.1.c of the Court's Civil Chambers Rules.  (ECF No. 48 at 2.)  In her surreply, Plaintiff "sincerely apologizes to the Court for the inclusion of any improper Exhibit" and explains that she included the correspondence for the purpose of showing "the *specificity* and *particularity* provided for several topics."  (ECF No. 49 at 3 (emphasis in original).)  Plaintiff should have found another way to put this evidence before the Court or sought leave to attach meet-and-confer correspondence.  However, the Court accepts Plaintiff's explanation and apology and agrees that the substantive information included in the exhibits was valuable to the Court in understanding how the topics have been further narrowed beyond what is reflected in the deposition notice itself.

| Topic Number | Ruling |
|---|---|
|  | COMPANY from 2020–2021. "Identities" shall include the name of the person, their position and title when working as an employee for Company, and their basic responsibilities and function within the Company. "Reports of potential data vulnerabilities" refer to written or verbal complaints or concerns following data breaches or concerns about breaches of data/breaches of privacy ~~made about the Company or someone within the Company~~ as further narrowed in the August 21, 2024 email from Rebecca Rojas to defense counsel. |
| 26 | Topic number 26 is relevant to Plaintiff's retaliation claim. However, the Court agrees with Defendants that as initially noticed this topic is overbroad as it specifies neither which reports are at issue, nor during what time period the relevant reports were issued, nor to which individuals the relevant reports were issued. In response to Defendants' objections, Plaintiff proposed to narrow the time period to the years of 2020 and 2021. (ECF No. 43-6 at 3.) Further, on August 21, 2024, Plaintiff provided Defendants with what Plaintiff describes as "a very specific list of these 'reports.'" (ECF No. 43 at 5; *see also* ECF No. 43-4.) The list provided by Plaintiff includes spans of approximate dates for roughly 29 complaints sometimes with the name of a receiving individual included. Although Defendants assert that the term "illegal or unethical activity" is "extremely overbroad and unclear" (ECF No. 42-1 at 7–8), the term was included, undefined, in Defendants' list of previously agreed upon revised topics (*see* ECF No. 42-5). Considering Plaintiff's proposed list of reports and the previously agreed upon language submitted by Defendants, the Court **SUSTAINS in part and OVERRULES in part**, and topic number 26 is **MODIFIED** as follows:<br><br>Actions taken by the COMPANY in response to Plaintiff's reports RELATED TO illegal or unethical activity at the COMPANY. "Reports" refer to written ~~or verbal~~ complaints ~~or concerns~~ made about the Company or someone within the Company to Jennifer Wolfe, Anissa Holmes, Neil Watkins, and/or Dr. Jessica Kasirsky between April 2020 to February 2021 following data breaches or concerns about breaches of data/breaches of privacy as further narrowed in the August 21, 2024 email from Rebecca Rojas to defense counsel. |
| 27 | Similar to both topic numbers 25–26, topic number 27 is relevant to Plaintiff's retaliation claim; however, the Court agrees with Defendants that as initially noticed this topic is overbroad. As with topic number 25, the Court considers |

| Topic Number | Ruling |
|---|---|
|  | the parties' previously agreed upon definition of "reports" in a similar context and the agreed upon narrowed time period.  In light of the parties' prior agreement, Defendants' objections are **SUSTAINED in part and OVERRULED in part**, and topic number 27 is **MODIFIED** to adopt the parties' previously agreed upon definition of "reports" and previously agreed upon time period:<br><br>Actions taken by the COMPANY in response to Plaintiff's reports ~~RELATED TO~~ of potential data vulnerabilities from 2020–2021. "Reports of potential data vulnerabilities" refer to written or verbal complaints or concerns ~~made about the Company relating to~~ following data breaches or concerns about ~~potential~~ breaches of data/breaches of privacy as further narrowed in the August 21, 2024 email from Rebecca Rojas to defense counsel. |
| 33 | Although concluding topic number 33 is "critical" because whether Plaintiff was replaced is "an important fact" (ECF No. 43 at 7), Plaintiff fails to demonstrate how the existence, hiring date, or pay of another individual has any bearing on Plaintiff's allegations of her own wrongful termination and disability discrimination.  Defendants' objection to topic number 33 is **SUSTAINED**. |
| 34 | The information responsive to topic number 34 is captured by the undisputed topic number 1, making the former duplicative of the latter.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Defendants' objection to topic number 34 is **SUSTAINED**. |
| 35–36 | The Court finds topic numbers 35–36 overbroad in time and scope as initially noticed.  Plaintiff's proposed amendment in the August 29, 2024 joint discovery plan narrows the topic to the years 2020 and 2021. (ECF No. 43-6 at 3.)  As narrowed, the topic is only relevant to calculating Plaintiff's damages, specifically her income and benefits as an employee of TheraNest.  Defendants' objections are **SUSTAINED in part and OVERRULED in part**, and topic numbers 35–36 are **MODIFIED** to the 2020–2021 time period and as follows:<br><br>35. The compensation system, including pay scales, pay grades, or pay steps, if any, in effect during 2020 and 2021 ~~to the present~~ for Compliance Officer roles and the procedure or method used to determine ~~an~~ Compliance Officer's ~~employee's starting~~ salary or wage, |

| Topic Number | Ruling |
|---|---|
| | bonus, or incentive compensation, merit increases, and other monetary compensation.<br><br>36. The benefits provided to Compliance Officers, including any health and welfare programs, retirement benefits, insurance plans, pension or profitsharing plans, stock bonus plans, deferred compensation programs, leave programs, and any other fringe benefits provided to Compliance Officers~~employees~~, from 2020 and 2021 ~~to the present~~. |
| 39 | The Court agrees with Defendants' objections that as initially noticed topic number 39 did not specify the manner of communication or the levels of authority. Plaintiff's proposed amendment in the August 29, 2024 joint discovery plan narrows the topic in time and specifies the individuals. (ECF No. 43-6 at 3.) However, the Court finds Plaintiff's topic, even with the proposed amendments, to be overbroad as it would require a witness to be prepared to testify about communications that occurred orally without written documentation. As such, the Court **SUSTAINS in part and OVERRULES in part** Defendants' objections, and topic number 39 is **MODIFIED** to partially adopt Plaintiff's proposed language as follows:<br><br>The following written or otherwise documented COMMUNICATIONS~~.~~:<br>(a) Communications between Jennifer Wolfe and/or Jessica Kasirsky and Plaintiff discussing problems with her job performance in 2020 prior to the PIP being issued to February 2021;<br>(b) Communications between Jennifer Wolfe and Jessica Kasirsky and/or personnel within the Human Resources Department relating to Plaintiff's work performance from 2020 to February 2021 when the PIP was issued;<br>(c) Communications between Jennifer Wolfe and/or Dr. Kasirsky and any personnel within the Human Resources Department relating to Plaintiff's PIP in 2020–2021;<br>(d) Communications between Jennifer Wolfe and any of Jennifer Wolfe's superiors related to problems with Plaintiff's job performance from 2020–2021.<br>(e) Communications between Jennifer Wolfe and/or Dr. Kasirsky and/or Human Resources personnel and/or any other person with |

| Topic Number | Ruling |
|---|---|
| | authority to make decisions relating to reasonable accommodations for Plaintiff in June 2021.<br>    (f) Communications between Jennifer Wolfe and/or Dr. Kasirsky and/or Human Sources personnel and/or any other person with authority relating to Plaintiff's termination/end of her employment from 2020-2021.<br>    (g) communications between Plaintiff and Jennifer Wolfe and/or Dr. Kasirsky and/or Human Resources personnel relating to Plaintiff's complaints of violations or noncompliance with HIPAA, data security vulnerabilities, data breaches from 2020 to February 2021. |
| 40–41 | First, the Court finds topic numbers 40–41 relevant to Plaintiff's failure to accommodate and wrongful termination claims. Second, despite arguing these topics are duplicative, Defendants fail to identify, nor does the Court see, which other topics adequately capture topic numbers 40–41, except that 41 is fully encompassed in 40. Finally, the Court has addressed Defendants' objections regarding the definition of "RELATED TO." *See supra* fn. 2–3. The Court **OVERRULES** Defendants' objections to topic number 40 and **SUSTAINS** Defendants' objections to topic number 41. |
| 42–45 | Plaintiff's notice for a 30(b)(6) witness to be prepared to discuss topics regarding 'discovery on discovery' is premature at this time. *See Cahill v. Nike*, Inc., No. 3:18-CV-1477-JR, 2020 WL 4584241, at *4 (D. Or. Aug. 10, 2020). A dispute over discovery requests raised pursuant to the undersigned's Chambers rules alone is not sufficient basis to support Plaintiff's allegations of bad faith. *See Jensen v. BMW of N.A., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) ("'Discovery into another party's discovery process is disfavored.' '[R]equests for such 'meta-discovery' should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process ad infinitum.'") (quoting first *Ashcraft v. Experian Info. Sols., Inc.*, No. 16-cv-02978-JAD-NJK, 2018 WL 6171772, at *2 n.2 (D. Nev. Nov. 26, 2018) and then *Freedman v. Weatherford Int'l Ltd.*, No. 12-cv-2121-LAK-JCF, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014)). Defendants' objections to topic numbers 42–45 are **SUSTAINED**. |
| 46 | Having modified but allowed topic number 39, the Court finds topic number 46 to be duplicative. Considering Plaintiff's offer to withdraw topic number 46 if topic number 39, as modified by Plaintiff, were allowed (*see* |

| Topic Number | Ruling |
|---|---|
| | ECF No. 43 at 8, n.3), the Court **SUSTAINS** Defendants' objection to topic number 46. |

## IV. CONCLUSION

For the reasons state above, Defendants' Motion for Protective Order (ECF No. 42) is **GRANTED** insofar as the Court issues a protective order as to topic numbers 33–34 and 41–46 in their entirety and as to topic numbers 4, 14, 16–17, 25–27, 35–36, and 39 to the extent the topics exceed the Court's modifications. Defendants' Motion is **DENIED** as to topic numbers 21–23 and 40, and insofar as Defendants seek to preclude the deposition as to topic numbers 4, 14, 16–17, 25–27, 35–36, and 39 in their entirety. The deposition of Defendants' 30(b)(6) witness will proceed in a manner consistent with this Order.

Dated: September 25, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge